FILED
 2015 Mar-06  PM 07:00
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

|   |   |
|---|---|
| IN RE: BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406) | **Master File No. 2:13-CV-20000-RDP**<br><br>This document relates to cases:<br>  2:12-cv-2169<br>  2:12-cv-4169<br>  2:12-cv-2532 |

## REPLY MEMORANDUM OF DEFENDANT BLUE CROSS OF NORTHEASTERN PENNSYLVANIA IN SUPPORT OF ITS MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE

# INTRODUCTION[1]

Defendant Blue Cross of Northeastern Pennsylvania ("BCNEPA") files this reply memorandum in support of its renewed motion seeking dismissal from underlying actions filed in Alabama and North Carolina on the basis of lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and improper venue pursuant to Fed. R. Civ. P. 12(b)(3). In their Responses, neither the Providers nor the Subscribers even attempt to dispute that BCNEPA's business is limited to providing health insurance services to businesses and families in thirteen counties in northeastern and north central Pennsylvania. Nor do Plaintiffs contend that BCNECPA solicited business in either Alabama or North Carolina. Instead, Plaintiffs rest their entire argument on healthcare provided to a few Pennsylvania businesses that happen to have a small number of employees in Alabama and North Carolina and speculation regarding BCNEPA's participation in the BlueCard program. These indirect and insubstantial contacts are not sufficient to justify the exercise of personal jurisdiction or venue over the company, and the pending claims against BCNEPA should be dismissed.

# ARGUMENT

### A. Plaintiffs Do Not Dispute That BCNEPA Does Not Conduct or Solicit Business in Alabama or North Carolina

None of the complaints at issue allege that BCNEPA has sufficient contacts within Alabama or North Carolina so as to subject it to personal jurisdiction in either state or to render either state a proper venue for suit. Plaintiffs' response does not mention, let alone dispute the facts set out in BCNEPA's Memorandum establishing that its business concerns Pennsylvania

---

[1] So as to eliminate redundancy in briefing and alleviate the concomitant burden on the Court, BCNEPA hereby adopts and incorporates by reference the arguments and authorities as forth in the Reply Memorandum of Certain Defendants in Support of Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue, ("Moving Defendants' Reply") as if fully set forth herein.

and not Alabama or North Carolina. Indeed, the following facts set out in BCNEPA's Memorandum remain uncontested:

1. BCNEPA is a Pennsylvania corporation that provides health care services in Pennsylvania. (*See, e.g., Conway* Compl., ¶ 49; Rinker Dec. ¶ 4).[2]

2. The company operates exclusively in Pennsylvania and is not licensed to sell insurance in any other state. (Rinker Dec. ¶¶ 5, 6).

3. The company does not solicit business outside of Pennsylvania, including in Alabama or North Carolina. (Rinker Dec. ¶ 9).

4. BCNEPA does not own or have an interest in any subsidiary companies which conduct or solicit business in Alabama or North Carolina. (Rinker Dec. ¶ 13)

5. BCNEPA has no offices outside of Pennsylvania and does not have mailing addresses in either Alabama or North Carolina. (Rinker Dec. ¶¶ 3, 7, 10, 11, 13).

6. BCNEPA has no employees, representatives or agents for service of process in Alabama or North Carolina**.** (Rinker Dec., ¶ 11).

7. BCNEPA does not maintain bank accounts, or pay taxes in Alabama or North Carolina. (Rinker Dec., ¶ 12).

Plaintiffs have not contested any of these facts and their Complaints are devoid of any allegation sufficient to establish a statutory basis for personal jurisdiction, or venue, under Section 12 of the Clayton Act over BCNEPA for claims against it in either Alabama or North Carolina. *See* 15 U.S.C. § 22.  BCNEPA can neither be "found" in these districts, nor does it "transact business" in these districts. For the same reason, BCNEPA does not have sufficient

---

[2] The Declaration of Brian Rinker is attached to BCNEPA's initial Memorandum of Law in Support of its Motion to Dismiss for Lack of Personal Jurisdiction and Venue.

contacts with either Alabama or North Carolina to subject it to either general or specific personal jurisdiction in those states, or to make the exercise of jurisdiction comport with due process.

Plaintiffs are similarly unable to establish that venue is proper in Alabama or North Carolina under either Sections 4 and 16 of the Clayton Act, or the general federal venue statute. *See* 15 U.S.C. 15. In addition to being unable to satisfy the venue requirements set forth in the Clayton Act, Plaintiffs are unable to meet any of the three requirements for venue under the general federal venue statue, 28 U.S.C. 1391(b). Plaintiffs have failed to sufficiently allege or demonstrate that venue is proper as to BCNEPA in either of the challenged jurisdictions.

**B.     Plaintiffs' Allegation That BCNEPA Has Sufficient Contacts With Alabama And North Carolina to Establish Personal Jurisdiction or Venue Is Unsupported**

Plaintiffs attempt to overcome the fact that BCNEPA has no connection with either Alabama or North Carolina by alleging that Pennsylvania businesses employ a minimal number of individuals eligible for insurance coverage in the forum states. These "contacts" are, at best, indirect and insubstantial, and they provide neither a sufficient constitutional nor statutory basis for personal jurisdiction or venue in either forum. BCNEPA provides healthcare to nearly 550,000 members. Every one of the people and businesses with which BCNEPA has contracts is located in Pennsylvania. BCNEPA does not directly offer subscribership to residents outside of Pennsylvania. (Supp. Rinker Dec. ¶ 3).[3] Rather, those subscribers are eligible for benefits based purely on their employment by Pennsylvania entities. (*Id.*)  Of the 550,000 subscribers insured by BCNEPA, only 158, or .03%, of BCNEPA's insureds reside in Alabama, and only 1076, or .195%, of BCNEPA's members reside in North Carolina. (Rinker Dec., ¶¶ 14-15.) These individuals receive insurance because of their employment with businesses located in

---

[3] The Supplemental Declaration of Brian Rinker is attached as Exhibit A.

Pennsylvania. (*Id.*, ¶ 16.) The fact remains that BCNEPA contracts only with businesses and individuals residing in thirteen districts of Northeastern Pennsylvania.

Such insubstantial and indirect connections are not sufficient to confer jurisdiction or venue under any of the relevant statutory or constitutional standards at issue. Venue under Section 12 of the Clayton Act is proper only where the defendant transacts business of a "substantial character" in the forum state. *Eastman Kodak Co. of N.Y. v. S. Photo Materials Co.*, 273 U.S. 359, 373 (1927).[4] The small number of individuals covered indirectly by BCNEPA are not substantial in relation to its business. *See United States v. Scophony Corp. of Am.*, 333 U.S. 795, 819 (1948) (Frankfurter, J., concurring) ("Whether a corporation 'transacts business' . . . turns on an appraisal of the unique circumstances of a particular situation.").

Similarly, those indirect and few contacts are insufficient to establish personal jurisdiction. BCNEPA has not purposefully availed itself of the privilege of transacting business in either North Carolina or Alabama by incidentally providing services to customers residing there. *Hi-Tex, Inc. v. TSG, Inc.*, 87 F. Supp. 2d 738, 744 (E.D. Mich. 2000); *Intrust Financial Corp.*, No. 11-1312-SAC, 2012 WL 2993893, at **4-6 (D. Kan. July 20, 2012). Neither are those indirect services related to Plaintiffs' antitrust claims as they fail to satisfy the "close and substantial causal relationship" test applied in the Eleventh Circuit. *Fraser v. Smith*, 594 F.3d 842, 850-52 (11th Cir. 2010). Most importantly, the awareness that some Pennsylvania businesses may have a small number of employees who reside or seek treatment elsewhere provided no basis for BCNEPA to reasonably anticipate being hauled into court wherever those

---

[4] As BCNEPA established in its opening Memorandum, because plaintiffs have failed to satisfy the venue provision of Section 12, they are not entitled to rely on Section 12's nationwide service provision. (Mem. in Supp. of BCNEPA Mot. to Dismiss, at n. 4).

employees might seek treatment. *See Choice Healthcare, Inc. v. Kaiser Foundation Health Plan of Colo.*, 615 F.3d 364, 370-71 (5th Cir. 2010).

Any services that BCNEPA may have provided to residents of, or visitors to, Alabama or North Carolina are incidental to the business BCNEPA solicits and transacts in Pennsylvania. It remains uncontested that BCNEPA does not solicit members or issue insurance contracts or policies in Alabama or North Carolina. Simply because some of BCNEPA's accounts have a small number of employees residing outside of Pennsylvania not make it proper to subject BCNEPA to jurisdiction and venue in those foreign forums.

C. **Plaintiffs' Speculative Allegations Regarding the BlueCard Program Are Insufficient to Satisfy the Requirements for Jurisdiction or Venue**

Plaintiffs' conclusory allegations regarding BCNEPA's participation in the BlueCard program provide an even weaker basis for their jurisdictional arguments. In their Amended Complaints, neither the Providers nor the Subscribers make any specific allegations regarding BCNEPA's participation in the BlueCard program or any resulting activity in Alabama or North Carolina. *See* 2d Am. Prov. Compl., ¶¶ 12, 231-37; 2d Am. Subs. Compl., ¶ 12A. In fact, an extremely small number of claims have been submitted by BCNEPA members through BlueCard for services provided in the Western District of North Carolina or the Northern District of Alabama. It should not be surprising in the least that BCNEPA's members, who are almost universally Pennsylvania residents, have little occasion to receive healthcare services in these areas.

Indeed, only 137 BCNEPA members (0.025% of its membership) submitted BlueCard claims for services in the Northern District of Alabama in either 2010 or 2011, and only 762 members (0.14% of the BCNEPA membership) submitted BlueCard claims in the Western District of North Carolina during those two years. (Supp. Rinker Dec., ¶¶ 4-7.) Furthermore, BlueCard claims from the Northern District of Alabama accounted for an infinitesimal 0.007%

5

of the annual claims submitted to BCNEPA in 2011. (*Id.*, ¶ 8.)  BlueCard claims from the Western District of North Carolina were nearly as rare, accounting for 0.072% of 2011 claims. (*Id.*, ¶ 8.)

Plaintiffs have made only bald, speculative allegations regarding BCNEPA's participation in the BlueCard program—allegations that are plainly insufficient to meet their burden to establish a proper basis for personal jurisdiction and venue. Indeed, when generalities are traded in for specific facts, it is clear that BCNEPA's participation in the BlueCard program provides no justification to subject the company to personal jurisdiction or venue in either Alabama or North Carolina.

## CONCLUSION

Plaintiffs' Response fails to provide any cognizable factual or legal basis to subject BCNEPA to personal jurisdiction or venue in either Alabama or North Carolina.  For the foregoing reasons, BCNEPA respectfully requests that the Court grant BCNEPA's Motion to Dismiss for Lack of Personal Jurisdiction and Venue.

Respectfully submitted,

/s/ Lezlie Madden

Lezlie Madden
Arthur P. Fritzinger
COZEN O'CONNOR
1900 Market Street
Philadelphia, PA 19103
Telephone: (215) 665-7286
Fax: (215) 701-2127
lmadden@cozen.com
afritzinger@cozen.com

*Attorneys for Defendant Blue Cross
 of Northeastern Pennsylvania*

Dated:  March 6, 2015

6

**CERTIFICATE OF SERVICE**

      I, Lezlie Madden, hereby certify that on March 6, 2014, a copy of the foregoing was served electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipts. Parties may access this filing through the Court's ECF system.

                                                s/ Lezlie Madden

                                                Lezlie Madden, Esq.

Dated: March 6, 2015