IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE:  BLUE CROSS BLUE SHIELD ANTITRUST LITIGATION (MDL No. 2406) | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Master File No. 2:13-CV-20000-RDP<br><br>This document relates to:<br><br>*Conway, et al. v. Blue Cross and Blue Shield of Alabama, et al.*, Case No. 2:12-cv-02532<br><br>*American Electric Motor Services, Inc., et al. v. Blue Cross Blue Shield of Alabama, et al.*, Case No. 2:12-cv-02169<br><br>*Pettus Plumbing & Piping, Inc. v. Blue Cross Blue Shield of Alabama, et al.*, Case No. 3:16-cv-00297<br><br>*Pearce, Bevill, Leesburg, Moore, P.C. v. Blue Cross Blue Shield of Alabama, et al.*, Case No. 2:16-cv-00464 |

**MEMORANDUM OF LAW OF EXCELLUS HEALTH PLAN, INC.
D/B/A EXCELLUS BLUE CROSS BLUE SHIELD, IN SUPPORT OF ITS
MOTION TO DISMISS THE ACCELERATED ALABAMA CASES FOR LACK OF
PERSONAL JURISDICTION AND IMPROPER VENUE**

Edward S. Bloomberg, Esq. (1396720)
*Admitted Pro Hac Vice*
Phillips Lytle LLP
One Canalside
125 Main Street
Buffalo, New York 14203-2887
(716) 847-7096
(fax) 716-852-6100
ebloomberg@phillipslytle.com

D. Keith Andress, Esq. (ASB-8396-R56D)
Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
420 North 20th Street
1400 Wells Fargo Tower
(205) 250-8367
(fax) 205-488-3767
kandress@bakerdonelson.corn

Attorneys for Excellus Health Plan, Inc., d/b/a Excellus
BlueCross BlueShield, incorrectly sued as Excellus
BlueCross BlueShield of New York

## **PRELIMINARY STATEMENT**

Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield ("Excellus"), pursuant to the Orders of this Court entered on February 23, 2016 [1] and April 19, 2016,[2] and jurisdictional discovery having been had, now moves this Court to dismiss the Accelerated Alabama Cases[3] for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and for improper venue under Fed. R. Civ. P. 12(b)(3). All of the Accelerated Alabama Cases are before this Court as part of the captioned multidistrict litigation. This motion follows on an initial motion to dismiss filed on September 30, 2013[4] and a renewed motion to dismiss later filed on December 22, 2014.[5]

In the Accelerated Alabama Cases, Plaintiffs have not and cannot allege sufficient facts or viable legal theories to confer personal jurisdiction over Excellus. As set forth in the affidavits in support of this motion to dismiss, the initial motion to dismiss, and the renewed motion to dismiss,[6] Excellus does not reside, inhabit, or transact business in Alabama, nor may it be found in Alabama. Plaintiffs do not allege any legally sufficient act or event involving Excellus or any act or event directed to Alabama in furtherance of any alleged conspiracy. Excellus has virtually no contacts with Alabama, and what contacts it does have do not rise to the level of constitutionally sufficient minimum contacts.

The procedural status and relevant legal analysis are set forth in greater detail in the various Memorandums filed by other Defendants in support of their motions to dismiss the

---

[1] Doc. 353 in Case No. 2:12-cv-02532 & Doc. 204 in Case No. 2:12-cv-02169.
[2] Doc. 28 in Case No. 3:16-cv-00297 & Doc. 5 in Case No. 2:16-cv-00464.
[3] The Accelerated Alabama cases are *Conway, et al. v. Blue Cross and Blue Shield of Alabama, et al.*, Case No. 2:12-cv-02532; *American Electric Motor Services, Inc., et al, v. Blue Cross Blue Shield of Alabama, et al.*, Case No. 2:12-cv-02169; *Pettus Plumbing & Piping, Inc. v. Blue Cross Blue Shield of Alabama, et al.*, Case No. 3:16-cv-00297; *Pearce, Bevill, Leesburg, Moore, P.C. v. Blue Cross Blue Shield of Alabama, et al.*, Case No. 2:16-cv-00464.
[4] Doc. 113 in Case No. 2:13-cv-20000.
[5] Doc. 258 in Case No. 2:13-cv-20000.
[6] The Affidavits are itemized at p. 3 of this Memorandum of Law.

Accelerated Alabama Cases (the "Memorandums"), and Excellus hereby adopts and incorporates by reference that legal analysis and the authorities set forth therein.

## FACTS RELATING TO EXCELLUS'S CONTACTS WITH ALABAMA

Excellus submits in support of its motion to dismiss, the previously filed Affidavits of Jeanne Borrelli (attached hereto as **Exhibit A**), Susan Eliaszewskyj (attached hereto as **Exhibit B**), Richard Nangreave (attached hereto as **Exhibit C**), James G. Haefner (attached hereto as **Exhibit D**), Dan Kane (attached hereto as **Exhibit E**), Christina Zdanowski (attached hereto as **Exhibit F**), and Margaret M. Cassady (attached hereto as **Exhibit G**). Excellus also submits the Affidavits of Todd Muscatello (attached hereto as **Exhibit H**) and Denise Carlson (attached hereto as **Exhibit I**).[7] Those Affidavits establish that:

1. Excellus was formed under New York law and its principal place of business is in New York. (Ex. G, Cassady Aff. ¶¶ 3, 4.)

2. Excellus is not licensed to sell insurance, and does not sell insurance, in Alabama. (*Id.* at ¶ 7.)

3. Excellus does not have an office, mailing address, or telephone listing in Alabama. (Ex. C, Nangreave Aff. ¶ 3.)

4. Excellus does not own or lease property in Alabama. (Ex. B, Eliaszewskyj Aff. ¶ 3.)

5. Excellus does not have any employees in Alabama. (Ex. C, Nangreave Aff. ¶ 4.)

6. Excellus is not registered, authorized, or qualified to do business in Alabama, nor does it have an agent for service of process in Alabama. (Ex. G, Cassady Aff. ¶ 6.)

7. Excellus does not pay taxes in Alabama. (Ex. A, Borrelli Aff. ¶ 3.)

---

[7] Excellus does not rely on the Muscatello and Carlson Affidavits submitted in support of its March 10, 2015 renewed motion to dismiss. (*See* Doc. 338 in Case No. 2:13-cv-20000.)

8. Excellus does not maintain any bank accounts in Alabama. (Ex. D, Haefner Aff. ¶ 3.)

9. Excellus does not solicit business or advertise in Alabama. (Ex. F, Zdanowski Aff. ¶ 3.)

10. Excellus does not have any contracts with any providers for the provision of services in Alabama. (Ex. E, Kane Aff. ¶ 3.)

11. As of the end of 2013, Excellus had 977,997 subscribers—including 137 subscribers in the Northern District of Alabama. Thus, as of the end of 2013, less than 1/10 of 1% of Excellus's subscribers were in the Northern District of Alabama. (Ex. H, Muscatello Aff. ¶¶ 3-4.)

12. During 2013, Excellus paid a total of $949,429.25 to Providers in the Northern District of Alabama, constituting less than 2/10 of 1% of the total amount it paid all other Providers. (Ex. I, Carlson Aff. ¶¶ 3-4.)

## ARGUMENT

I. **THERE IS NO PERSONAL JURISDICTION OVER EXCELLUS UNDER SECTION 12 OF THE CLAYTON ACT**

As shown by the Affidavits submitted in support of this motion to dismiss, Excellus is not an inhabitant of Alabama; is not found in Alabama; and what business it transacts in Alabama is a miniscule percentage of its total business. Accordingly, venue is not proper in Alabama. Because venue is not proper, Section 12 of the Clayton Act does not provide a statutory basis for personal jurisdiction over Excellus in Alabama.

Additionally, for the reasons set forth in the Memorandums, the exercise of jurisdiction by this Court would not meet the Fifth Amendment's due process requirements of fairness and reasonableness.

II. **THERE IS NO PERSONAL JURISDICTION OVER EXCELLUS UNDER LONG-ARM STATUTES OF ALABAMA**

As noted above, Plaintiffs do not allege any legally sufficient acts by, or events involving, Excellus in Alabama in furtherance of any alleged conspiracy. Plaintiffs do allege participation by Excellus in the BlueCard program and other national account programs, but that without more (and there is no more in the case of Excellus) does not rise to the level of "purposeful availment" of the privilege of doing business in Alabama.

## CONCLUSION

For the reasons set forth above, and adopting the legal analysis contained in the Memorandums, Excellus hereby requests that the Court dismiss the Accelerated Alabama Cases against it.

Dated: June 10, 2016

                Respectfully submitted,

                /s/ Edward S. Bloomberg
                Edward S. Bloomberg, Esq. (1396720)
                *Admitted Pro Hac Vice*
                Phillips Lytle LLP
                One Canalside
                125 Main Street
                Buffalo, New York 14203-2887
                (716) 847-7096
                (fax) 716-852-6100
                ebloomberg@phillipslytle.com

                /s/ D. Keith Andress
                D. Keith Andress, Esq. (ASB-8396-R56D)
                Baker, Donelson, Bearman,
                Caldwell & Berkowitz, P.C.
                420 North 20th Street
                1400 Wells Fargo Tower
                (205) 250-8367
                (fax) 205-488-3767
                kandress@bakerdonelson.com

*Attorneys for Excellus Health Plan, Inc., d/b/a Excellus BlueCross BlueShield, incorrectly sued as Excellus BlueCross BlueShield of New York*

## **CERTIFICATE OF SERVICE**

I certify that on June 10, 2016, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to such filing to all counsel of record.

/s/ D. Keith Andress
OF COUNSEL
